## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.          )
501 School Street, S.W., Suite 500  )
Washington, DC  20024,         )
                         )
             Plaintiff,    )     Civil Action No.
                         )
v.                         )
                         )
U.S. DEPARTMENT OF STATE   )
2201 C Street, NW           )
Washington, DC 20520       )
                         )
             Defendant.   )
_____)

## COMPLAINT FOR DECLARATORY AND
## INJUNCTIVE RELIEF

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Judicial Watch, Inc. alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and  28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a non-profit, educational organization incorporated under the laws of the District of Columbia and having its principal place of business at 501 School Street, S.W., Suite 500, Washington, DC 20024.

4.     Defendant Department of State is an agency of the United States government.

DOS has its principal place of business in the District of Columbia.  Defendant has possession,

custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.     On October 8, 2003, Plaintiff sent a FOIA request to Defendant and several other

federal agencies, by facsimile and by certified U.S. mail, return receipt requested, seeking access

to any and all records concerning or relating to the following subjects:

a.     The decision to allow subjects of the Kingdom of Saudi Arabia, including
but not limited to members of the House of Saud and/or members of the Bin
Laden family, to leave the United States within 10 days of the terrorist attacks of
September 11, 2002.

b.     Flights containing subjects of the Kingdom of Saudi Arabia, including but
not limited to members of the House of Saud and/or members of the Bin Laden
family, allowed to leave the United States between September 11, 2001 and
September 15, 2003.

c.     A September 13, 2001 flight between Raytheon Airport Services, Tampa
International Airport and Blue Grass Airport in Lexington Kentucky.

d.     The decision to allow subjects of the United Kingdom of Saudi Arabia,
including but not limited to members of the House of Saud and/or members of the
Bin Laden family, to leave the United States by airplane after September 11, 2001
without being interviewed by the FBI.

e.     All communication between the CIA, and/or FBI, and/or FAA and/or the
State Department and the Executive Office of the President (EOP) and/or the
Office of the Vice President and/or any agent or representative of President
George W. Bush concerning the decision to allow subjects of the Kingdom of
Saudi Arabia, including but not limited to members of the House of Saud and/or
members of the Bin Laden family, to leave the United States by airplane after
September 11, 2001.

f.     A list of all subjects of [the] Kingdom of Saudi Arabia, including but not
limited to members of the House of Saud and/or members of the Bin Laden

family, permitted to leave the United States between September 11, 2001 and October 1, 2001.

6.    Plaintiff's October 8, 2003 request also sought a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II), 5 U.S.C. § 552(a)(4)(A)(iii), and 5 C.F.R. § 16.11(k)(2)(i) - (iv).

7.    On October 10, 2003, Plaintiff sent Defendant a letter, by facsimile and certified U.S. mail, return receipt requested, correcting two typographical errors contained in its October 8, 2003 request.

8.    On or about October 14, 2003, Plaintiff received a letter from Rene Lindsey of Defendant's Requester Communication Branch acknowledging receipt of Plaintiff's October 8, 2003 request.  The letter also informed Plaintiff that its request for a fee waiver had been granted and that the request would be processed at no charge.

9.    Pursuant to 5 U.S.C. § 552(a)(6)(a)(i), Defendant's response to Plaintiff's October 8, 2003 request was due on or before November 6, 2003.  On or before that date, Defendant was required to determine whether to comply with the request and immediately notify Plaintiff of its determination, the reasons therefor, and the right to appeal any adverse determination.

10.    Defendant failed to produce records responsive to Plaintiff's October 8, 2003 request on or before November 6, 2003 or claim that such records are exempt from production under 5 U.S.C. § 552(b).  It also failed to notify Plaintiff of any determination whether to comply the request, the reasons therefor, or the right to appeal any adverse determination.  Defendant also failed to invoke the provisions set forth in 5 U.S.C. § 552(a)(6)(B) for extending the time limits to respond to the October 8, 2003 request.

11.    On or about January 12, 2004, Plaintiff sent a letter to Defendant requesting an update on the status of its October 8, 2003 request.  Defendant did not respond.

12.    As of December 5, 2005, Plaintiff has received no response to its October 8, 2003 request.  Nor has it received any determination whether Defendant will comply the request, the reasons therefor, or the right to appeal any adverse determination.

13.    Because Defendant failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A) or extend those time limit provisions pursuant to 5 U.S.C. § 552(a)(6)(B), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its October 8, 2003 request pursuant to 5 U.S.C. § 552(a)(6)(c).

## COUNT 1
### (Violation of FOIA)

14.    Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

WHEREFORE, Plaintiff respectfully requests that the Court:  (1) declare Defendant's failure to comply with FOIA to be unlawful; (2) enjoin Defendant from continuing to withhold records responsive to Plaintiff's October 8, 2003 FOIA request; (3) order Defendant to produce all responsive records not subject to claims of exemption and a *Vaughn* index of withheld records by a date certain; (4) award Plaintiff attorneys fee's and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant such other relief as the Court deems just and proper.

Respectfully submitted,

JUDICIAL WATCH, INC.

_____

Paul J. Orfanedes
D.C. Bar No. 429716
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff