UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF STATE, )<br>)<br>Defendant. ) | Civil Action No. 1:05-2343 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

JEFFREY D. KAHN (MI #P65270)
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
P.O. Box 883; Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 514-3716
Fax: (202) 616-8470
E-mail: jeffrey.kahn@usdoj.gov

*Attorneys for Defendant*

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . 2

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


ARGUMENT –   PLAINTIFF'S ACTION SHOULD BE DISMISSED FOR
              FAILURE TO PURSUE AN ADMINISTRATIVE APPEAL


I.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH
     RELIEF CAN BE GRANTED BECAUSE PLAINTIFF DID
     NOT EXHAUST ADMINISTRATIVE REMEDIES . . . . . . . . . . . . . . . . . . . . . 4

II.  PLAINTIFF CANNOT CLAIM CONSTRUCTIVE
     EXHAUSTION BECAUSE PLAINTIFF RECEIVED
     A RESPONSE TO HIS REQUEST PRIOR TO FILING
     THIS ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Bestor v. CIA, Civ. No. 04-2049-RWR, 2005 WL 3273723 (D.D.C. 2005) . . . . . . . 4, 7, 8

Flowers v. IRS, 307 F.Supp.2d 60 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Hidalgo v. FBI, 344 F.3d 1256 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Kong on Import & Export Co. v. U.S. Customs & Border Protection Bureau,
    Civ. No. 04-02001-HHK, 2005 WL 1458279 (D.D.C. 2005) . . . . . . . . . . . . . . . 4, 7

Lipton v. MCI Worldcom, 135 F.Supp.2d 182 (D.D.C. 2001) . . . . . . . . . . . . . . . . . . . 3

Marsh v. Hollander, 339 F.Supp.2d 1 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 3

Martin v. Court Services & Offender Supervision Agency,
    Civ. No. 05-853-JDB, 2005 WL 3211536 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . 8

*Ogelsby v. Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990) . . . . . . . . . . . . . 4, 5, 6, 7, 8

Vanover v. Hantman, 77 F.Supp.2d 91 (D.D.C. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 3

Wilbur v. Central Intelligence Agency, 355 F.3d 675 (D.C. Cir. 2004) . . . . . . . . . . . 4, 5

Wilbur v. CIA, 273 F.Supp.2d 119 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## **STATUTES**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5 U.S.C. § 552 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

## **INTRODUCTION**

In October 2003, Vanity Fair magazine published an article about the departure of Saudi nationals from the United States in the days shortly after September 11, 2001. Referencing this article, plaintiff Judicial Watch submitted a Freedom of Information Act ("FOIA") request to the defendant, the Department of State, for information to which the article and other media sources referred. Plaintiff filed suit alleging that defendant failed to respond to this FOIA request.

Plaintiff asserts that it should be deemed to have exhausted any and all administrative remedies because defendant did not respond to its FOIA request. Plaintiff is wrong as a matter of both fact and law. More than three months prior to this lawsuit, defendant did, in fact, respond to plaintiff's FOIA request with a determination that no records could be located that were responsive to plaintiff's request. Defendant's determination letter also notified plaintiff that plaintiff had a right to timely appeal defendant's initial decision. Nevertheless, plaintiff neither filed an administrative appeal nor contacted defendant after receiving defendant's determination letter. And plaintiff's Complaint makes no claim to the contrary. Instead, plaintiff filed this lawsuit forty-six days after letting the sixty-day appeal deadline lapse.

This Court should follow the established rule in this circuit that a FOIA requester who foregoes an administrative appeal is precluded from bringing suit regarding the determination of the underlying FOIA request. As a matter of law, plaintiff fails to state a claim upon which relief can be granted because after receiving a response to its FOIA request that notified plaintiff of this right to appeal, plaintiff did not follow the established administrative appeal process.

The Court should dismiss the action with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

By letter dated October 8, 2003, plaintiff submitted a FOIA request to the Department of State (hereafter "the Department") for information about the departure from the United States of various Saudi nationals shortly after September 11, 2001. See Compl., ¶ 5; see also Def.'s Ex. 1 (Grafeld Decl.) at ¶ 4; Def.'s Ex. 2 (FOIA request). By letter dated October 10, 2003, plaintiff submitted a supplement to its request that corrected two typographical errors in the first request. See Compl., ¶ 7. By letter dated October 14, 2003, the Department acknowledged receipt of plaintiff's request. See Compl., ¶ 8; Def.'s Ex. 1 at ¶ 5; Def.'s Ex. 3 (acknowledgment letter).

By letter dated January 12, 2004, plaintiff inquired about the status of its FOIA request. See Compl., ¶ 11; see also Def.'s Ex. 1 at ¶ 6; Def.'s Ex. 4 (plaintiff's letter of inquiry). By letter dated August 23, 2005, the Department informed plaintiff that a search of multiple records systems had failed to locate any records responsive to plaintiff's request. See Def.'s Ex. 1 at ¶ 7; see also Def.'s Ex. 5 (determination letter). In its letter, the Department invited plaintiff to provide additional information to assist in identifying or locating the records sought, and offered to resume processing the request upon timely receipt of such information. Id. The Department's determination letter also notified plaintiff of plaintiff's right to appeal the Department's initial determination, provided plaintiff with the address of the appropriate official for that appeal, and enclosed a copy of the Department's appeal procedures. Id.

Plaintiff did not respond to the Department's determination letter and, in fact, asserts that no such letter was ever received. Id.; see also Compl. at ¶ 12. Instead, plaintiff filed suit.

## **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 12(b)(6), dismissal is appropriate "only when it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Vanover v. Hantman, 77 F.Supp.2d 91, 98 (D.D.C. 1999). Rule 12(b)(6) provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment" under Rule 56. See Fed. R. Civ. P. 12(b)(6). However, as to what constitutes "matters outside the pleadings," this Court has held that "where a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." Id.; see also Marsh v. Hollander, 339 F.Supp.2d 1, 5 n.4 (D.D.C. 2004) (defendant's submission of allegedly defamatory letters in defamation action did not convert motion to dismiss); Lipton v. MCI Worldcom, 135 F.Supp.2d 182, 186 (D.D.C. 2001) (defendant's submission of telephone bill in dispute over long-distance charges did not convert motion to dismiss).

The Complaint refers to numerous documents. See Compl., ¶¶ 5 (FOIA request); 7 (plaintiff's errata letter); 8 (defendant's acknowledgment letter); 11 (plaintiff's letter of inquiry); and 12 ("Plaintiff has received no response to its October 8, 2003 request. Nor has it received any determination whether Defendant will comply [sic] the request, the reasons therefor, or the right to appeal any adverse determination."). Because the Complaint refers to these documents, the Court may rely on defendants' submission of them as Exhibits 2-5 without converting defendant's motion to dismiss into one for summary judgment. Further, because these letters are central to plaintiff's claim as the record of plaintiff's FOIA request and defendant's response to it, a motion to dismiss rather than a motion for summary judgment is appropriate.

## ARGUMENT

## PLAINTIFF'S ACTION SHOULD BE DISMISSED FOR FAILURE TO PURSUE AN ADMINISTRATIVE APPEAL

I. **PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF DID NOT EXHAUST ADMINISTRATIVE REMEDIES**

It is well established that "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA, which means that a requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response." Wilbur v. Central Intelligence Agency, 355 F.3d 675, 676 (D.C. Cir. 2004) (quoting Wilbur v. CIA, 273 F.Supp.2d 119, 123 (D.D.C. 2003) (Collyer, J.)); Ogelsby v. Dep't of the Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990). Failure to exhaust all administrative remedies "is tantamount to a failure to sufficiently plead a necessary element of a federal cause of action and the appropriate disposition is to dismiss the plaintiff's unexhausted claims under Federal Rule of Civil Procedure 12(b)(6)." Kong on Import & Export Co. v. U.S. Customs & Border Protection Bureau, Civ. No. 04-02001-HHK, 2005 WL 1458279, at *1 (D.D.C. 2005) (internal quotations omitted).[1]

This Circuit has repeatedly held that both the purposes of the FOIA's exhaustion requirement and the FOIA's particular administrative scheme bar judicial review as a jurisprudential matter. See Wilbur, 355 F.3d at 677; Hidalgo v. FBI, 344 F.3d at 1258-59; Oglesby, 920 F.2d at 61-62; Bestor v. CIA, Civ. No. 04-2049-RWR, 2005 WL 3273723, at *3

---

[1] In this Circuit, the exhaustion requirement is not considered to be jurisdictional "because the FOIA does not unequivocally make it so." Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003).

(D.D.C. 2005); Flowers v. IRS, 307 F.Supp.2d 60, 66 (D.D.C. 2004). Practical considerations of judicial efficiency and uniformity of agency compliance support this prudential doctrine. See, e.g., Oglesby, 920 F.2d at 64-65 ("Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors. . . . Congress intended that individuals receive information from the government promptly, but it also provided a statutory administrative appeal process, allowing the agency to complete its disclosure process before courts step in.") (emphasis in original); Wilbur, 355 F.3d at 677 (purposes and policies underlying FOIA's exhaustion requirement include "to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review.").

An agency's initial response will require a FOIA requester to exhaust administrative remedies if it includes "the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse." Oglesby, 920 F.2d at 65. If a FOIA requester nevertheless foregoes an administrative appeal, the requester is precluded "from ever bringing suit on that request." Id.

Plaintiff has clearly failed to exhaust his administrative remedies because plaintiff filed suit after having received the Department's determination letter and notice of a right to appeal. The Department's determination letter informed plaintiff that the Department complied with its request by searching multiple record systems. See Def.'s Ex. 5. The letter explained that the reason for defendant's decision not to provide plaintiff with any records was because no

responsive records could be located. Id. Finally, the letter not only gave plaintiff notice of its right to appeal and the name and address of the official to whom the Secretary of State had delegated authority to consider the appeal, the letter also cited Ogelsby v. Dep't of the Army as the authority for providing this information to plaintiff. Id.

Plaintiff did not appeal the Department's initial determination of its FOIA request. Thus, plaintiff did not exhaust its administrative remedies. Therefore, plaintiff is precluded from ever bringing suit on this request and this Court should dismiss plaintiff's action with prejudice.

## II.   PLAINTIFF CANNOT CLAIM CONSTRUCTIVE EXHAUSTION BECAUSE PLAINTIFF RECEIVED A RESPONSE TO HIS REQUEST PRIOR TO FILING THIS ACTION

Perhaps aware that this failure to exhaust should preclude this lawsuit, plaintiff argues that it should be "deemed to have exhausted any and all administrative remedies" because defendant did not respond to plaintiff's request within the twenty-day time limit set forth in the FOIA, 5 U.S.C. § 552(a)(6)(A)-(C). See Compl., ¶ 13. Plaintiff is wrong. Because plaintiff filed suit after receiving defendant's determination letter and notice of a right to appeal, plaintiff forfeits the opportunity to assert "constructive exhaustion" and is required to actually pursue the Department's administrative appeal process to its conclusion.

This Court conclusively decided this very issue in Oglesby v. Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990). In that case, Oglesby did not administratively appeal the denial of his FOIA requests to various agencies before he filed suit because, inter alia, he claimed to have constructively exhausted his administrative remedies as a result of the defendant agencies' untimely responses to his FOIA requests. Id. at 62. The Court held that "an administrative

appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed." Id. at 63. In the Court's opinion, if a FOIA requester chose to wait until the agency responded to his claim, even if well-past the statutory deadline for a response, then it was clear that "Congress intended that the administrative route be pursued to its end. It did not mean for the court to take over the agency's decisionmaking role in midstream or to interrupt the agency's appeal process when the agency has already invested time, resources, and expertise into the effort of responding." Id. at 64. As the Oglesby Court explained:

> Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors. The extra several weeks consumed in processing an administrative appeal to completion must surely have been thought a tolerable price to ask from a requester who has already chosen to wait for a response from the agency. If there is to be any uniformity in FOIA interpretations within a given agency, and if agencies are to have an opportunity to revise their responses in light of intervening responses to the same FOIA request by other agencies, such uniformity can best be afforded through the administrative appeal process.

Id. 64-65.[2]

In the case at bar, the Department responded to plaintiff's FOIA request and provided notice of a right to appeal on August 23, 2005. See Def.'s Ex. 5. Plaintiff filed the present lawsuit 107 days later, on December 7, 2005, and without having filed any administrative appeal. See Docket No. 1. Plaintiff relies solely on a claim of constructive exhaustion. See Compl., ¶ 13. But "this option lasts only up to the point that an agency actually responds." Oglesby, 920 F.2d at 61; Kong, 2005 WL 1458279, at *2; Bestor, 2005 WL 3273723, at *3; Martin v. Court

---

[2]The FOIA now requires an agency to respond to a request within twenty days. See 5 U.S.C. § 552(a)(6)(A)(i).

Services & Offender Supervision Agency, Civ. No. 05-853-JDB, 2005 WL 3211536, at *3 (D.D.C. 2005). Plaintiff has failed to allege that it actually exhausted administrative remedies and, indeed, cannot do so.[3] Nor should plaintiff be permitted now to argue that the Department's delay in responding to its request should discharge plaintiff of its obligation to exhaust the administrative process. "A requester who waits long past the ten-day deadline for the agency's response and then brings suit without administrative appeal has by his actions indicated that time cannot be of the essence." Oglesby, 920 F.2d at 65.

## CONCLUSION

For these reasons, the Court should dismiss plaintiff's action with prejudice.

Dated: January 31, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

JEFFREY D. KAHN (MI #P65270)
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
P.O. Box 883; Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 514-3716; Fax: (202) 616-8470
E-mail: jeffrey.kahn@usdoj.gov
*Attorneys for Defendant*

---

[3] The burden of proof of a proper appeal and actual exhaustion rests on the plaintiff FOIA requester. See Bestor, 2005 WL 3273723, at *4.