UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | Civil Action No. 1:05-2343 (RMC) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MEMORANDUM OF** |
| v. | ) | **LAW IN SUPPORT OF DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| DEPARTMENT OF STATE, | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT 1:**

**DECLARATION OF MARGARET P. GRAFELD**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Judicial Watch, Inc. )<br>)<br>Plaintiff, )<br>)<br>v.     )<br>)<br>United States Department )<br>of State )<br>)<br>Defendant. )<br>) | Civil Action No. 1:05CV-02343 |

DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

1. I am the U.S. Department of State's Information and Privacy Coordinator and the Director of the Department's Office of Information Programs and Services (IPS). In these capacities, I am the Department official immediately responsible for responding to requests for records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and other applicable records access provisions. I have been in the employ of the Department of State since 1974, and have served with the Department's Information Access Program for most of my tenure with the Department. I am authorized to

classify and declassify national security information pursuant to Executive Order (E.O.) 12958, as amended, and Department of State regulations set forth in 22 CFR §§ 9.7, 9.14. I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the records in the case file established for the processing of the subject request, and upon information furnished to me in the course of my official duties. I have read plaintiff's complaint filed in the above-captioned matter, and I am familiar with the efforts of Department personnel to process the subject request.

2. The core responsibilities of IPS include records access requests made by the need-to-know community, the public (under the FOIA, Privacy Act, the mandatory declassification review requirements of E.O. 12958, or the Ethics in Government Act); members of Congress; other government agencies; and those that have been made pursuant to judicial processes, such as subpoenas, court orders, and discovery requests; records management; privacy protection; national security classification management and declassification review; corporate records archives management; research; the Department's Library; and the technology that supports these activities.

3. The purpose of this declaration is to inform the Court of the Department's actions in response to the FOIA request submitted by plaintiff, Judicial Watch. The Exhibits attached to this declaration are true and correct copies of records related to plaintiff's FOIA request that have been maintained by IPS in the normal course of business.

**ADMINISTRATIVE PROCESSING OF PLAINTIFF'S REQUEST**

4. By letter dated October 8, 2003 (Exhibit 2) to the Office of Information Programs and Services in the Department of State, Christopher J. Farrell on behalf of Judicial Watch, Inc. requested all records referring or relating to:

1. The decision to allow subjects of the Kingdom of Saudi Arabia, including but not limited to members of the House of Saud and/or members of the Bin Laden family, to leave the United States within 10 days of the terrorist attacks of September 11, 2002.

2. Flights containing subjects of the Kingdom of Saudi Arabia, including but not limited to members of the House of Saud and/or members of the Bin Laden family, allowed to leave the United States between September 11, 2001 and September 15, 2003.

3. A September 13, 2001 flight between Raytheon Airport Services, Tampa International Airport, and Blue Grass Airport in Lexington, Kentucky.

4. The decision to allow subjects of the Kingdom of Saudi Arabia, including but not limited to members of the House of Saud and/or members of the Bin Laden family, to leave the United States by airplane after September 11, 2001 without being interviewed by the FBI.

5. All communication between the CIA, and/or FBI, and/or FAA and/or the State Department and the Executive Office of the President (EOP) and/or the Office of the Vice President and/or any agent or representative of President George W. Bush concerning the decision to allow subjects of the Kingdom of Saudi Arabia, including but not limited to members of the House of Saud and/or members of the Bin Laden family, to leave the United States by airplane after September 11, 2001.

6. A list of all subjects of the Kingdom of Saudi Arabia, including but not limited to members of the House of Saud and/or members of the Bin Laden family, permitted to leave the U.S. between September 11, 2001 and October 1, 2001.

Plaintiff requested that Judicial Watch be considered a representative of the news media for fee purposes, and requested a waiver of all fees.

5. By letter dated October 14, 2003 (Exhibit 3), IPS acknowledged receipt of plaintiff's request and assigned it case control number 200303836. IPS informed plaintiff that the cut-off date for retrieving documents was the date that a search was initiated and that only existing records were subject to the

FOIA.  IPS also informed plaintiff that processing of his request had begun, that he had been placed in the news media requester category for purposes of this request, and that his request for a fee waiver had been granted.

6. By letter dated and faxed to IPS on January 12, 2004 (Exhibit 4), Mario A. Calabrese of Judicial Watch, Inc. inquired about the status of plaintiff's request.

7. By letter dated August 23, 2005 (Exhibit 5), IPS informed plaintiff that after searching the Central Foreign Policy Records (the Department's principal records system), as well as the records of the Bureau of Near Eastern Affairs, the Bureau of Diplomatic Security, the Office of the Executive Secretariat, and the Office of the Coordinator for Counterterrorism, no responsive records were located.  IPS invited plaintiff to provide additional information to assist in identifying or locating the records sought if he had any within 60 days, and offered to resume processing the request upon receipt of such information.  IPS notified plaintiff of his right to appeal the no record finding and provided him with the address of the Chairman of the Department's Appeals Review Panel.

8. IPS has no record of receiving an appeal by plaintiff of the Department's no record response dated August 23, 2005.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 30th day of January 2006.

*[signature]*

Margaret P. Grafeld